THE PEOPLE *ex rel.,* J. G. THURBER *vs.* B. C. WHITTEMORE, STATE TREASURER.

Under sections 15 and 17, of Art. IV. of the Constitution, the President of the Senate and Speaker of the House of Representatives are entitled to the same compensation as Senators and Representatives, and cannot as President or Speaker receive any additional per diem or mileage.

This was an application for a peremptory mandamus, to compel the State Treasurer to pay to the relator the sum of $97 and interest; being the amount of a certificate bearing date the 28th day of June, 1851, drawn and signed by D. P. Bushnell, Clerk of the House of Representatives, and countersigned by himself, as Speaker of said House, certifying that there was then due the said relator, for services as a member of the Legislature, the said sum of $97.

As an answer to the preliminary order, granted in this matter to show cause, it is, by stipulation, admitted that the facts set forth in the affidavit, upon which the order was granted, are correctly stated. By this affidavit it appears that the relator was a member of the Legislature, from the county of Monroe, for the year 1851; that on the first day of the general session for that year, he appeared and took the con- stitutional oath as such member; that afterwards, and on the same day he was elected Speaker, and on being qualified, entered upon and continued to perform the duties of the office, during that, and the succeed-ing extra session.

It further appears that the relator has received his *per diem* allowance and mileage as Speaker, but claims, by reason of his election to the office of Speaker, that he is legally entitled to double pay—to his per diem allowance and mileage as Speaker, and also to his per diem allowance and mileage as a member. And it further appears, that said certificate, which is for his per diem allowance and mileage as a member at the extra session, was on the day of its date, presented to the respondent for payment, and payment thereof then and there refused.

*J. G. Thurber*, in person.

*W. Hale, Attorney General*, for respondent.

By the Court, PRATT, J.

The application in this matter for a mandamus, must be denied. There is no ground upon which it can be sustained.

Under the former constitution, the amount of compensation allowed to members and officers of the Senate and House of Representatives, was settled upon and fixed annually by the Legislature itself. But the *amount* is no longer the subject of legislation; it is now clearly and

definitively settled and fixed by the Revised Constitution.   Section 15 of article 4 of that instrument, provides as follows: "The compensation of members of the Legislature shall be three dollars a day for actual attendance and when absent on account of sickness, for the first sixty days of the session for the year 1851, and for the first forty days of every subsequent session, and nothing thereafter.   When convened in extra session, their compensation shall be three dollars a day for the first twenty days, and nothing thereafter.   They shall be entitled to ten cents and no more, for every mile actually traveled, going to and returning from the place of meeting, on the usually traveled route; and for stationery and newspapers not exceeding. five dollars for each member during the session."

By section 17 of the same article, it is provided that "the President of the Senate, and the Speaker of the House of Representatives, shall be entitled to the same per diem compensation and mileage as members of the Legislature, and no more."

These provisions of the fundamental law of the State, which have been in force since the first day of January, 1851, are clear and explicit, neither ambiguous nor in any manner uncertain as to the intent of the framers; nor do they require judicial construction to ascertain their meaning, or to give them effect.   By these provisions, it is perfectly certain that the framers of the revised constitution did not intend that a member of the House who might be elected Speaker thereof, should receive any extra or additional compensation by reason of such election.   But it is contended by the relator that he officiated in the capacity of both *member* and *Speaker*, and is therefore entitled to his per diem compensation and mileage, in both capacities.   This however, is an assumption based in the main, upon false premises.   It is true, he went into the House a member; and it is equally true, that notwithstanding his election to the Chair, he, at times, when the House was in committee of the whole, officiated as a member of the body. But while he was thus officiating as a member, he had no duties to perform as Speaker; and when officiating as the presiding officer of the House, he had no duties except voting, to perform as a member.   By his elevation to the Chair, he was entirely relieved from all the very onerous duties usually devolving upon the select and standing commit-

tees of the House, and which ordinarily engross a very great proportion of their time when out of session, in laborious investigations; in drawing reports, bills and amendments, for the action of the House when in session. The labor of the relator, therefore, instead of being increased by his election to the Chair, was, in fact, very much diminished; hence, the claim preferred, on the ground of his having discharged double duties, rests upon nothing better than mere fiction. And his claim for double mileage stands upon no better foundation; for he was not required, nor was it necessary, in consequence of his election and installation in the Chair, to travel the route between Monroe and "the place of meeting," twice over each way, nor did he in fact do so. Upon what principle, then, does he predicate his claim for double pay, or for double travel? But it is entirely unnecessary to discuss the question; the constitution settles the whole matter. "The Speaker is entitled to the same per diem compensation and mileage as a member and no more." In view of the language of the constitution on this subject, any member of the House could claim double compensation, and especially double mileage, with as much propriety as the Speaker; both, in relation to their compensation, by the constitution, being placed upon an equality.

The relator having received his per diem allowance and mileage as Speaker, has no further claim on the State for services rendered in the Legislature for 1851, and the respondent was justifiable in refusing payment on the certificate presented.

Motion for mandamus denied.